## THE NEPONSET.

### Petition of CREW TRANSP. CORPORATION.

(District Court, E. D. New York. November 28, 1919.)

Collision ⊙67—Circumstantial evidence held insufficient to establish collision.

Circumstantial evidence *held* insufficient to establish the fact of a collision between a tug, helping to dock a steamer, and an air barge lying beside a steamship, which moved against the ship, overturning a scaffolding, and causing the death of one working thereon.

In Admiralty. Petition of the Crew Transportation Company, owner of the steam tug Neponset, for limitation of liability. Tug held not liable for damage claim.

Decree affirmed. See 281 Fed. 410.

Foley & Martin, of New York City, for petitioner.

Macklin, Brown, Purdy & Van Wyck, of New York City, for respondents.

GARVIN, District Judge. This libel and petition of Crew Transportation Corporation, owner of the steam tug Neponset, is brought to obtain an adjudication that neither the petitioner nor the tug are liable for the death of John Labate, or, if it be held that they are, or either of them is, liable, to limit liability to the amount of the value of the interest of the petitioner in the steam tug.

On February 10, 1919, Labate was engaged in chipping rust from a steamship which lay in a slip at the Robbins dry dock in Brooklyn, N. Y. He stood on a scaffold which was between the steamship and an air barge, which supplied air for the workmen on the scaffold to operate their chipping or scaling apparatus. The scaffold suddenly turned over. Labate was thrown off between the barge and the ship, and was killed. It is claimed on behalf of decedent that the accident was caused by the steam tug Neponset colliding with the air barge, which was stationary, and forcing it against and thereby overturning the scaffold.

The Neponset was helping to dock a steamer in the slip in question. No one saw any collision, nor indeed observed the Neponset at all until after the accident. Nicolo, a fellow workman, felt a shock and heard a crash, but did not see the Neponset until after—just how long it is difficult to determine—the scaffold was overturned. The engineer of the air barge, the only other witness for the decedent, did not see the

Neponset until about 10 minutes after the accident. On the other hand, a considerable number of witnesses testified for the owner of the steam tug, and none of them knew anything of a collision. It is likely that at least some one of them would have known if there had been any actual shock, for they were almost all helping to dock the steamer. There is nothing to indicate that this was being done without due care. Apparently none of them knew that there had been an accident until weeks later.

I am referred to the decision of Judge Learned Hand in the case of Creighton v. Bern, decided April 16, 1917; but that decision, as I understand it, does no more than hold that by circumstantial evidence the cause of the accident was satisfactorily established. The facts were in no way similar to those of the case at bar. It is distressing that this unfortunate decedent should have been killed, through no fault of his, without those responsible being compelled to respond in damages; but upon this record it does not seem to me that I can find that the steam tug collided with the air barge. Some other unknown craft may have been in collision, or the swell from a boat passing close by the end of the pier at high speed may have moved the barge.

I cannot hold the Neponset or her owners liable. Decree accordingly.